UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAY BREAUX and TRACEY BREAUX,        CIVIL ACTION

      Plaintiffs,

                                NO: 14-208

VERSUS

LOUISIANA CITIZENS PROPERTY        SECTION: R(1)
INSURANCE CORPORATION, and
ALLSTATE INSURANCE COMPANY

      Defendants.

## ORDER

Before the Court is defendant Allstate Insurance Company's motion for summary judgment. The Court denies the motion because a genuine question of material fact exists as to whether plaintiffs submitted the necessary documentation to make out a valid claim under their Standard Flood Insurance Policy.

## I.   Background

Plaintiffs Ray and Tracey Breaux insured their LaPlace, Louisiana home with a Standard Flood Insurance Policy issued by Allstate. The policy has coverage limits of $135,000 for the dwelling and $60,000 for personal property, both subject to a $1,000 deductible.[1] Hurricane Isaac caused substantial damage to plaintiffs' home, and they filed a claim with Allstate to recover

---

[1] R. Doc. 24-13 at 2.

for flood loss.  After inspecting plaintiffs' property, Allstate paid $37,368.10 for plaintiffs' dwelling claim and $51,557.70 for plaintiffs' contents claim.[2]  After receiving these payments, plaintiffs filed a supplemental proof of loss claiming $214,880.13 in covered damages.[3]  Allstate denied coverage for the additional amount claimed in the supplemental proof of loss.

On December 11, 2013, plaintiffs filed suit in Louisiana state court against Allstate and Louisiana Citizens Property Insurance Corporation.[4]  Allstate removed the matter to federal court and now moves for summary judgment.

## II.  Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the

---

[2] *Id.* at 2-3.

[3] R. Doc. 24-9.

[4] R. Doc. 1-1.  Plaintiffs have settled their claim against Louisiana Citizens Property Insurance Corporation.

2

evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(internal quotations omitted); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991)(internal quotations omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden

then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. Discussion

Allstate issued the Breaux's flood policy as part of the National Flood Insurance Program ("NFIP"). Congress created the NFIP in 1968 to provide affordable flood insurance to flood prone areas. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). FEMA operates the program and issues policies directly or through private insurers, such as Allstate, known as "Write Your Own" companies. *Id.* Whether FEMA or a "Write Your Own" company issues a policy, claims are paid directly from the federal treasury. *Id.*

Policies are issued in the form of a Standard Flood Insurance Policy (SFIP), and no provision of the policy can be altered, varied, or waived without the express written consent of the

Federal Insurance Administrator. *Id.*; 44 C.F.R. §§ 61.4(b), 61.13(d). Since pay-outs implicate the federal treasury, provisions of the SFIP must be strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386-87 (5th Cir. 2005).

"A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298 (5th Cir. 2008) (citing 44 C.F.R. pt. 61, app. A(1) art. VII(R)). In case of a flood loss to insured property, the insured must satisfy several requirements before bringing a lawsuit. *See* 44 C.F.R. pt. 61, app. A(1) art. VII(J). Foremost, the insured must provide a complete, sworn Proof of Loss within 60 days after the loss, "or within any extension authorized by FEMA." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). The proof of loss must include documents supporting the claimed amount, including "[s]pecifications of damaged buildings and detailed repair estimates," as well as "inventory of damaged property showing the quantity, description, actual cash value, and the amount of loss." 44 C.F.R. pt. 61, app. A(1) art. VII(J). These are strict requirements. *Forman*, 138 F.3d at 546; *Richardson*, 279 F. App'x at 298. Thus, an insured's failure to provide an insurer with supporting documentation precludes recovery under a SFIP. *See Marseilles Homeowners Condo.*

*Ass'n, Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (filing a complete proof of loss is a "condition precedent" to bringing suit for proceeds under a SFIP); *Wells v. Fidelity Nat. Ins. Co.*, CIV. A. No. 06-5381, 2008 WL 2781539, at *4 (E.D. La. July 14, 2008) ("Plaintiff's failure to file [supporting] documentation prior to filing suit is fatal to her claim.").

Allstate moves the Court for summary judgment on the ground that plaintiffs failed to submit the necessary documentation to support their supplemental proof of loss.[5] Plaintiffs do not dispute that the SFIP required them to provide Allstate with supporting documentation. Instead, plaintiffs contend that they did in fact provide Allstate with the required documents.[6] Plaintiffs provide the affidavit of their independent adjustor, Michael Michio, to support their position.[7]

The Court finds that a question of fact exists as to whether plaintiffs submitted the necessary documents to support their supplemental proof of loss. In his sworn affidavit, Mr. Michio states that he submitted a detailed estimate of the flood-related damage to Allstate that included "(1) the materials required to fully repair the home; (2) the specific work required for such

---

[5] R. Doc. 24.

[6] R. Doc. 26 at 5. ("Mr. and Mrs. Breaux provide ample evidence that they submitted the supporting documentation that Allstate . . . now claims it never received.").

[7] R. Doc. 26-1.

repairs; (3) the cost of the materials and work; (4) the quantity of materials; (5) the total calculation of loss, including service charges, overhead costs, and profit; and (6) photographs of the damage to the property."[8]  Allstate does not contend that such an estimate falls short of the SFIP's supporting documentation requirement.  Instead, Allstate asks the Court to disregard the affidavit because plaintiffs have not provided any corroborating documentary evidence.[9]  Mr. Michio attests that he searched his files but was unable to find a copy of his estimate.[10]  Allstate argues that Mr. Michio's assertion that he submitted the estimate but has since lost any proof of submission is incredible in light of his self-described practice of submitting estimates to insurance providers "multiple times by fax, email and U.S. mail."[11]

Although the absence of corroborating evidence is conspicuous, Rule 56 does not permit the Court to make credibility determinations.  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) ("In resolving the motion [for summary judgement], the court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes . . .

---

[8] *Id.* at 2.

[9] R. Doc. 27-2 at 2. ("What faith can be placed in this assertion when Mr. Michio does not have the estimate that he insists was submitted?").

[10] R. Doc. 26-1 at 2.

[11] *Id.* at 3 (citing R. Doc. 26-1 at 2).

. .").  In his affidavit, Mr. Michio states that he submitted the estimate to Allstate on the plaintiffs' behalf.  The Court is not free to disregard Mr. Michio's sworn testimony merely because it is arguably self-serving.  *C.R. Pittman Const. Co., Inc. v. Nat. Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011) ("[A]n affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving.").  To the extent that Allstate finds Mr. Michio's claim incredible in light of the circumstances, Allstate can cross-examine Mr. Michio on this point at trial.

**IV.  Conclusion**

Plaintiffs have provided sufficient evidence to demonstrate a genuine question of fact as to whether they submitted the required documents to support their supplemental proof of loss.  Therefore, the Court denies Allstate's motion for summary judgment.

New Orleans, Louisiana, this 5th day of January, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE